Filed 3/26/26  P. v. Williams CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D087613 |
| Plaintiff and Respondent, | (Super. Ct. No. FWV23003168) |
| v. | |
| DANTE LEE WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Steve Malone, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Andrew Mestman and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Dante Lee Williams appeals the judgment entered following a jury trial in which he was convicted of two counts of assault (Pen. Code,[1] §§ 241, subd. (b), 245 subd. (a)(4)) and one count of resisting an officer (§ 69). Williams claims the trial court erred when it instructed the jury with the definition of great bodily injury in CALCRIM No. 875. He argues that it is ambiguous and an incorrect statement of the law. We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

In September 2023, A.S. was using a leaf blower to clean the parking lot of a 7-Eleven when Williams approached him from behind, grabbed the leaf blower, and threw him to the ground. Williams hit A.S., then got on top of him and continued punching him. A.S. was unable to get up or fight back because the leaf blower was on his back, so he covered his face as Williams punched him. Williams's attack left A.S. with lacerations to his ear, cheek, lip, face, hands and bloodied clothing and hair. A sheriff's deputy responded to the scene and, after a short foot pursuit, arrested Williams. While in custody, Williams attempted to bite the responding deputy and then kicked and attempted to bite another deputy.

A.S. was treated by paramedics and declined to be transported to the hospital because he feared losing his job if he left. His wife cared for his wounds when he returned home. His physical injuries took between eight to 15 days to heal, and he remains fearful anytime someone walks past him at work.

---

[1]     Unless specified, further statutory references are to the Penal Code.

A jury found Williams guilty of assault of a peace officer in violation of section 241, subdivision (b); assault with force likely to cause great bodily injury on A.S. in violation of section 245, subdivision (a)(4); and resisting an officer in violation of section 69.  He was sentenced to nine years 10 months in prison.

## DISCUSSION

### I.

### *Standard of Review*

"A claim of instructional error is reviewed de novo. [Citation.] An appellate court reviews the wording of a jury instruction de novo and assesses whether the instruction accurately states the law. [Citation.] In reviewing a claim of instructional error, the court must consider whether there is a reasonable likelihood that the trial court's instructions caused the jury to misapply the law in violation of the Constitution. [Citations.] The challenged instruction is viewed 'in the context of the instructions as a whole and the trial record to determine whether there is a reasonable likelihood the jury applied the instruction in an impermissible manner.' " (*People v. Mitchell* (2019) 7 Cal.5th 561, 579.)

The task for the reviewing court is to determine whether the trial court "fully and fairly instructed on the applicable law." (*People v. Quinonez* (2020) 46 Cal.App.5th 457, 465 (*Quinonez*).)  In answering this question, the reviewing court should look to the instructions as a whole and the entire record of trial, including arguments of counsel.  (*Ibid.*)  Where reasonably possible, the appellate court should interpret the instructions "to support the judgment rather than defeat it." (*Ibid.*; *People v. Rivera* (2019) 7 Cal.5th 306, 326.)

3

## II.

### *Additional Procedural Background*

During the jury instruction conference, the court discussed giving CALCRIM No. 875 in connection with the charge for assault by force likely to produce great bodily injury on A.S. Defense counsel specifically requested the instruction include the phrase "more than minor or moderate harm" with respect to the great bodily injury element. The court ultimately instructed as follows:

> "The defendant is charged in Count 3 with assault with force likely to produce great bodily injury in violation of Penal Code section 245(a)(4) against [A.S.], which is alleged to have occurred on September 13, 2022.
>
> "To prove that the defendant is guilty of this crime, the People must prove that:
>
> "1(a). The defendant did an act that by its nature would directly and probably result in the application of force to a person, and
>
> "1(b). The force was likely to produce great bodily injury;
>
> "2. The defendant did that act willfully;
>
> "3. When the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone;
>
> "AND
>
> "4. When the defendant acted, he had the present ability to apply force likely to produce great bodily injury to a person.
>
> "[¶] . . . [¶]

4

"No one needs to actually have been injured by defendant's act. But if someone was injured, you may consider that fact, along with all the other evidence, in deciding whether the defendant committed an assault, and if so, what kind of assault it was.

"Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm."

During closing argument, the prosecutor described great bodily injury as a "significant or substantial injury . . . it's an injury that's greater than, minor than moderate [h]arm." He explained:

"And you heard me say this, [Williams is] not charged with causing great bodily injury. Just with using force likely to cause it. . . . We see [A.S.] on the left here, covered in his own blood. Blood that resulted after the defendant threw him on the ground and pommeled his face until he ran out of breath. From the top right he's bleeding from his ear, you see contusions and lacerations on his brow. You see a rather large laceration on his lip here and he's bleeding from his face in the bottom frame.

"[¶] . . . [¶]

"He was helpless on the ground as he turtled up and begged the defendant to stop. He stopped fighting and he's pinned to the ground by this blower and the defendant is continuing to punch him in the head and face while he's on the ground. And to the extent his wounds are mitigated it's for one reason he covered his face with his hands. That's why you see his own blood on the back of his hands because he's covering his face and being punched in the head and hands."

5

Defense counsel argued, "Nothing prevented . . . Williams, based on the testimony, from causing more substantial bodily injury to [A.S.]. Okay? [A.S.] was defenseless, arguably, . . . Williams, if he really wanted to inflict great bodily injury, he could have done so. Okay? But he didn't."

### III.

### *Analysis*

Williams claims the trial court erred when it instructed the jury with CALCRIM No. 875. He argues the instruction's definition of great bodily injury is ambiguous and an incorrect statement of the law.

"The doctrine of invited error bars a defendant from challenging a jury instruction given by the trial court when the defendant has requested the instruction based on a ' " ' "conscious and deliberate tactical choice.' " ' " (*People v. DeHoyos* (2013) 57 Cal.4th 79, 138.) The doctrine "'is designed to prevent an accused from gaining a reversal on appeal because of an error made by the trial court at his [or her] behest." (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.) For the doctrine to apply, it " 'must be clear that counsel acted for tactical reasons and not out of ignorance or mistake.' " (*Ibid.*; *People v. Moon* (2005) 37 Cal.4th 1, 28.)

Williams's claim of error was invited because his defense attorney specifically requested the definition used by the trial court. He stated, "I also need to add the 'more than minor or moderate harm' to the great bodily injury [definition]." Williams's trial counsel thus "made a conscious, deliberate tactical choice" in requesting the definition. (*People v. Cooper* (1991) 53 Cal.3d 771, 831.) In cases in which defense counsel took affirmative actions toward inviting the error, "a clearly implied tactical purpose" is sufficient to invoke the invited error doctrine. (*People v. Coffman and Marlow*, *supra*, 34 Cal.4th at p. 49.) We accordingly conclude that Williams's

6

challenge concerning CALCRIM No. 875 is barred. (*People v. Harris* (2008) 43 Cal.4th 1269, 1293–1294; *People v. Riazati* (2011) 195 Cal.App.4th 514, 530.)

In any event, even if the challenge were not barred, we would conclude that the trial court did not err by instructing the jury with definition of great bodily injury in CALCRIM No. 875. Although the majority in *People v. Medellin* (2020) 45 Cal.App.5th 519 (*Medellin*), generally agreed with Williams's position, the decision there was based partly on improper argument. There, the defendant argued, and the People conceded, that the prosecutor misstated the law regarding the definition of great bodily injury. (*Medellin*, at p. 530.) "The cases defining great bodily injury have long required more than moderate harm but the prosecutor argued more than minor harm alone was sufficient." (*Id.* at p. 533.) Specifically, the prosecutor there told the jury that "[a]n injury that is greater than minor . . . is all I need to prove." (*Id.* at p. 531.)

Unlike the prosecutor in *Medellin*, the prosecutor here did not misstate the law. Instead, he correctly described great bodily injury as a "significant or substantial injury and it's an injury that's greater than, minor than moderate [h]arm." While the prosecutor repeated the word "than" instead of "or," the entirety of his argument shows he did not misstate the law as the prosecutor did in *Medillin*. On this record, it is not reasonably likely that the jury misapplied the definition of great bodily injury.

Since *Medellin*, other courts have rejected the argument that the definition of great bodily harm in the pattern jury instructions is ambiguous or reasonably likely to result in the jury misapplying the law. (See *Quinonez*, *supra*, 46 Cal.App.5th at p. 466 [holding the pattern jury instructions "were not ambiguous or erroneous."]; *People v. Sandoval* (2020) 50 Cal.App.5th 357,

361, [holding that there was no reasonable likelihood the jury would "parse the instructions in such a tortured way as to create the ambiguity" claimed by the defendant]; *People v. Caparrotta* (2024) 103 Cal.App.5th 874, 902, 904 [holding that the definition for "great bodily harm" in CALCRIM No. 830 (which uses the same definition that CALCRIM No. 875 uses for "great bodily injury") "is neither erroneous nor ambiguous."].) We decline to follow *Medellin* for the reasons set forth in these cases and reject Williams's claim of instructional error.[2]

Moreover, even if there was instructional error, it was harmless beyond a reasonable doubt. (*Medellin*, 45 Cal.App.5th at p. 535.) A.S. was bloodied from lacerations and abrasions suffered after Williams pinned him to the ground and beat him. He was treated by paramedics but not transported to the hospital because he feared he would lose his job. Some of his physical injuries took more than two weeks to heal and he continues to suffer emotionally. Williams thus used force that was not just likely to produce, but did produce, an injury that was greater than minor or moderate harm.

---

[2] CALCRIM 875 has now been revised to specify that great bodily injury "is an injury that is greater than moderate harm." (West's Ann. Cal. Codes, CALCRIM No. 875, November 2025 Update.)

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DATO, J.